UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OCC VENTURE LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE MITCHELL LAW GROUP, a California Professional Corporation, et al.,<br><br>　　　　Defendants. | Case No: C 09-2878 SBA<br><br>**ORDER TO SHOW CAUSE RE REMAND** |

　　　On June 9, 2009, Plaintiff OCC Venture LLC filed an unlawful detainer complaint in the Alameda County Superior Court against Defendant The Mitchell Law Group.  Defendant filed a notice of removal on June 26, 2009.  Though no federal claims are alleged in the pleadings, it appears that the basis for the removal is that Defendant intends to file a cross-complaint that will allege violations of 42 U.S.C. §§ 1981 and 1982.

　　　Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A court has an independent duty to ascertain the existence of subject matter jurisdiction and may raise the issue sua sponte.  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

　　　A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d

1261, 1265 (9th Cir. 1999).  As such, any doubts regarding the propriety of the removal favor remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

It is well settled that a complaint that is based entirely on state law is not removable by virtue of anticipated federal defenses to the pleadings.  Schwarzer, Tashima & Wagstaffe, Federal Civ. P. Before Trial, § 1.121 at 2B-50 (TRG 2008).  Since Plaintiff's complaint sounds only in state law, there appears to be no plausible basis for removal.[1]  Accordingly,

IT IS HEREBY ORDERED THAT Defendant shall show cause why this case should not be remanded to state court.  Defendant shall file a written brief, not to exceed 3 pages, in response to this Order by no later than July 13, 2009.  Plaintiff may file a response, not to exceed 3 pages, by no later than July 17, 2009.  The Court will take the matter under advisement without oral argument.  Fed.R.Civ.P. 78(b).

IT IS SO ORDERED.

Dated: July 6, 2009

_____
Hon. Saundra Brown Armstrong
United States District Judge

---

[1] Plaintiff notified the Court of the potential issues regarding the propriety of the removal by letter, dated July 2, 2009.  Defendant responds that the letter should be disregarded as "ex parte" communication.  Neither letter was e-filed, which is improper.  However, the Court disagrees that Plaintiff's letter is "ex parte communication" since Defendant admittedly was served with a copy of the letter.  In the future, however, the parties are admonished to submit requests in the manner specified by the Court's Local Rules and the Standing Orders of this Court.